UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONICA COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 17 C 6913 |
| v. | ) |
| | ) Judge Durkin |
| ROBERT WILKIE, Secretary of the | ) |
| United States Department of Veterans | ) |
| Affairs, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S
DEPOSITION AND ANSWERS TO WRITTEN DISCOVERY**

Defendant Robert Wilkie, Secretary of the United States Department of Veterans Affairs, by his attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, moves to compel plaintiff to appear for deposition and answer written discovery, and in support, states as follows:

1. Plaintiff Monica Cooper alleges in this Title VII action that her superiors at Jesse Brown VA Medical Center discriminated against her on the basis of her sex and disability. Specifically, Cooper alleges that her superiors failed to reasonably accommodate her disabilities, including depression and post-traumatic stress disorder, by requiring her to complete CPR training.

2. On February 1, 2018, this court ordered the parties to issue written discovery by March 15, 2018. Dkt. 23. The court further ordered all fact discovery to be closed by July 2, 2018. Dkt. 23. On June 12, 2018, the court granted the parties' oral motion to extend fact discovery to August 3, 2018. Dkt. 29.

3. On August 1, 2018, the VA filed a motion to extend fact discovery in light of Cooper's failure to answer written discovery and to make herself available for deposition. Dkt.

30. The court granted the VA's motion on August 7 and ordered all fact discovery to be completed by September 6, 2018. Dkt. 34.

4. Following the hearing on August 7, 2018, counsel for the VA contacted Cooper numerous times via telephone and letter in an effort to obtain answers to outstanding written discovery and schedule Cooper's deposition. Counsel for the VA offered several dates for Cooper's deposition, and the parties agreed on August 23, 2018. Notices of Deposition, attached as Exhibit A; July 25, 2018 Letter to M. Cooper, attached as Exhibit B; August 8, 2018 Letter to M. Cooper, attached as Exhibit C; August 14, 2018 Letter, attached as Exhibit D.

5. Counsel for the VA attempted to confirm Cooper's deposition several times via telephone and letter. Counsel for the VA finally reached Cooper the afternoon of August 22, at which point Cooper informed counsel for the VA that she would not only not appear on August 23, but would not come to Chicago for a deposition at *any* point. Cooper stated that instead, counsel for the VA had to come to Michigan, where she currently resides, to take her deposition. Counsel for the VA attempted to explain that because Cooper is the plaintiff and filed the case in Chicago, she needs to come to Chicago for her deposition. Cooper refused and said that she will not come absent an order or some type of proof that she is required to give her deposition in Chicago.

6. In light of the upcoming discovery deadline and Cooper's continued failure to provide complete responses to written discovery and present herself for deposition, the VA asks the court to compel Cooper to answer written discovery and give her deposition.

WHEREFORE, the VA asks the court to compel plaintiff's answers to written discovery and deposition.

        Respectfully submitted,

        JOHN R. LAUSCH, Jr.
        United States Attorney

        By: s/ Megan E. Donohue
           MEGAN E. DONOHUE
           Assistant United States Attorney
           219 South Dearborn Street
           Chicago, Illinois 60604
           (312) 353-1877
           megan.donohue@usdoj.gov