# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MONICA COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 6913 |
| v. ) | |
| ) | Judge Thomas M. Durkin |
| ROBERT WILKIE, Secretary of the ) | |
| United States Department of ) | |
| Veteran Affairs, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| MONICA COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18 C 2064 |
| v. ) | |
| ) | Judge Thomas M. Durkin |
| UNITED STATES DEPARTMENT OF ) | |
| VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION & ORDER**

In these two related cases, plaintiff Monica Cooper, *pro se*, alleges that her supervisors at Jesse Brown VA Medical Center discriminated against her in violation of Title VII and the Rehabilitation Act. R. 1 (17 C 6913); R. 7 (18 C 2064). Currently before the Court are Defendants' motions to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), R. 61 (17 C 6913) and R. 35 (18 C 2064), and Cooper's motions for Defendants to take her deposition by telephone, R. 64 (17 C 6913) and R. 38 (18 C 2064). For the reasons set forth below, the Court grants

Defendants' motions to dismiss for failure to prosecute, and denies Cooper's motions as moot.

## Background[1]

A review of the facts compels the outcome. The Court initially ordered the parties to issue written discovery by March 15, 2018, and ordered a fact discovery cutoff of July 2, 2018. R. 23 (17 C 6913). The Court subsequently granted the parties' oral motion to extend fact discovery to August 3, 2018. R. 29 (17 C 6913). Defendants' counsel then moved to extend fact discovery because of Cooper's failure to answer written discovery and make herself available for deposition. R. 30 (17 C 6913). The Court granted the motion at an August 7, 2018 hearing and extended fact discovery until September 6, 2018. R. 34 (17 C 6913).

Defendants' counsel thereafter contacted Cooper numerous times to obtain answers to outstanding written discovery and to schedule Cooper's deposition. R. 47 at 6-15 (17 C 6913). Defendants offered several deposition dates, and the parties agreed on August 23, 2018. *Id.* at 14 (17 C 6913). Defendants attempted to contact Cooper several times by telephone and letter to confirm her deposition. But when Defendants' counsel finally reached Cooper on August 22, 2018, Cooper told counsel that she would not come to Chicago for a deposition at any point, and instead insisted

---

[1] The Court set forth much of the relevant background information in its November 26, 2018 opinion denying Cooper's motions to recuse, for a new trial, and for a protective order and to quash her deposition, but reviews the information again here for completeness.

2

that Defendants' counsel come to Michigan, where she currently resides, to take her deposition.

Defendants' counsel subsequently moved to compel Cooper's deposition and answers to written discovery. R. 36 (17 C 6913). Cooper failed to appear at the August 29, 2018 hearing on Defendants' motion either in person or by telephone, and the Court granted Defendants' motion to compel, warning:

> Plaintiff must appear for her deposition in Chicago at a date and time convenient to both parties at least one week before the next status hearing [on October 11, 2018], absent permission from this Court for any change. Failure of plaintiff to appear for her deposition will result in this action being dismissed for want of prosecution.

R. 38 (17 C 6913).

Thereafter, Defendants' counsel contacted Cooper by letters dated August 29, 2018 and September 25, 2018, offering numerous dates for her deposition. R. 47 at 16-20 (17 C 6913). But Cooper did not respond.

On September 26, 2018, Defendants' counsel moved to reassign case 18 C 2064 (previously pending before Judge Lee) to this Court under Local Rule 40.4 based on relatedness with case 17 C 6913. R. 39 (17 C 6913). Cooper failed to appear at the October 1, 2018 hearing on the motion to reassign, which the Court granted. R. 41 (17 C 6913); R. 17 (18 C 2064). Defendants' counsel explained to the Court at the hearing that it was continuing to have trouble scheduling a date for Cooper's deposition, despite offering Cooper many different dates. Accordingly, the Court ordered that "[f]ailure of the plaintiff to appear in person or by telephone at the [next] status hearing [set by the Court] or failure of the plaintiff to cooperate in the

3

scheduling and taking of her deposition will result in this action being dismissed for want of prosecution." R. 41 (17 C 6913).

After the hearing, Defendants' counsel again attempted to contact Cooper to explain the Court's order, offering additional deposition dates, and to ask Cooper to call as soon as possible regarding deposition scheduling. R. 48-1 at 2 (17 C 6913); R. 27-1 at 2 (18 C 2064). But once again Cooper did not respond.

When the parties next appeared on October 17, 2018, Cooper did so by telephone, which the Court permitted. The Court again ordered Cooper to appear for her deposition, noting once more that "[f]ailure of plaintiff to appear for her deposition will result in this action being dismissed for want of prosecution." R. 42 (17 C 6913); R. 23 (18 C 2064). Defendants' counsel thereafter sent two letters attempting to schedule Cooper's deposition and to obtain complete answers to written discovery. R. 48-1 at 4, 6-7 (17 C 6913); R. 27-1 at 4, 6-7 (18 C 2064). Cooper again did not respond. Instead, on October 29, 2018, Cooper filed motions to recuse and to quash her deposition.

The Court denied Cooper's motions in a November 26, 2018 opinion stating in relevant part:

> The Court orders Cooper to provide complete answers to written discovery and to come to Chicago for a deposition on or before December 21, 2018 (absent a joint motion to extend). The Court gives Cooper a final warning that failure to comply with this order will result in dismissal for want of prosecution.

R. 51 (17 C 6913); R. 29 (18 C 2064).[2]

Defendants' counsel then sent Cooper three more letters seeking to schedule her deposition by the December 21, 2018 deadline and offering eight more dates. Cooper did not respond. R. 61, Ex. J, K and L (17 C 6913); R. 35, Ex. J, K and L (18 C 2064).

On February 6, 2019, Defendants filed their motions to dismiss Cooper's cases for failure to prosecute. At the February 12, 2019 hearing on Defendants' motions, Cooper appeared by telephone with the Court's permission, and represented that she had not received Defendants' motions. Accordingly, the Court directed Defendants' counsel to send another copy of the motions to Cooper, and directed Cooper to call counsel for Defendants if she did not receive them by the end of the week. Cooper acknowledged her understanding. The Court set a briefing schedule on Defendants' motions to dismiss. But Cooper ignored the Court-ordered deadline, and did not respond to Defendants' motions. Instead, she filed a "motion to take an oral deposition by means of telephone," again arguing that she should not be required to appear for her deposition in Chicago, and representing that she "is beyond the court's jurisdiction and cannot be compelled to travel to this state for a deposition," and that

---

[2] Cooper indicated in her motion to quash her deposition that Defendants' counsel could not take her deposition on the date Cooper proposed—August 31, 2018. R. 44 (17 C 6913). But the fact that Defendants could not take her deposition on the single day Cooper offered does not change the result here, because Cooper subsequently refused to discuss additional dates and to come to Chicago, and ignored multiple Court orders to do so.

5

"[a] telephone deposition will be more convenient for the plaintiff." R. 64 (17 C 6913); R. 38 (18 C 2064).

**Analysis**

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." The rule "serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in . . . dilatory behavior." *Ladien v. Astrachan*, 128 F.3d 1051, 1056 (7th Cir. 1997) (quoting *Patterson v. Coca-Cola Bottling Co.*, 852 F.2d 280, 285 (7th Cir. 1988)). Dismissal for want of prosecution under Rule 41(b) is within the district court's discretion. *Schindler v. Advocate Healthcare*, 619 Fed. Appx. 516, 517 (7th Cir. 2015); *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir. 1985). But because it is a harsh sanction, courts should "weigh several factors," including "whether the litigant has ignored previous court orders, the extent of delays, prejudice to other parties, and the availability of other sanctions." *Rollins v. Murphy*, 598 Fed. Appx. 449, 450 (7th Cir. 2015). "A district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." *Gabriel v. Hamlin*, 514 F.3d 734, 737 (7th Cir. 2008); *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) ("There is no 'grace period' before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed."). But "[d]ismissal with prejudice is appropriate when there is

a clear record of delay or contumacious behavior." *Zaddack*, 773 F.2d at 150 (citing *Washington v. Walker*, 734 F.2d 1237, 1238 (7th Cir. 1984)).

This is that case. Cooper ignored several court orders and received repeated warnings about her failure to prosecute these cases and the possibility of dismissal on those grounds. In fact, not only did Cooper repeatedly fail to engage with Defendants to set a date for deposition in these cases, but also Cooper failed to appear at two court hearings, and ignored not one, but four express warnings by the Court that her case would be dismissed if she failed to cooperate in the scheduling and taking of her deposition. Cooper's actions (and inaction) have prejudiced Defendants, who have bent over backwards to accommodate Cooper's schedule and have been forced to expend time and resources attempting repeatedly to contact Cooper by various means at various addresses in order to explain the Court's orders and pursue their defense of her cases.

Cooper's motions for permission to have her deposition taken by telephone only further demonstrate that dismissal is warranted. Indeed, the Court already explained to her at the October 17, 2018 hearing that because Cooper filed suit in Chicago, she needs to come to Chicago for her deposition. The Court explained again in its November 26, 2018 opinion denying Cooper's motion to quash her deposition that a plaintiff generally must give a deposition in the district where she filed suit. *See, e.g., MCI Worldcom Network Servs. v. Atlas Excavating, Inc.,* 2004 WL 755786, *2 (N.D. Ill. Feb. 23, 2004) (the "general rule is that plaintiff, even if a non-resident, must appear at depositions in the forum of its choosing"); 8A Wright & Miller, Federal

7

Practice & Procedure § 2112 at 527 ("ordinarily, plaintiff will be required to make himself . . . available for examination in the district in which suit was brought"). In filing her current motions, Cooper ignored the Court's directive that because she chose to file suit in the Northern District of Illinois, and the events giving rise to her case occurred in Illinois, her deposition must be given here. And although Cooper contends that a deposition by telephone "will be more convenient" for her, such a contention fails to demonstrate the undue hardship necessary to consider requiring Defendants to take Cooper's deposition closer to her home. *See Penn Mut. Life Ins. Co. v. GreatBanc Tr. Co.*, 2013 WL 212906, at *2 (N.D. Ill. Jan. 18, 2013) ("the Court has discretion to require the depositions to take place [outside of the forum] if conducting them in Chicago would pose an undue hardship"). Cooper's home in Covert, Michigan is but a short and inexpensive Greyhound bus ride away.

Enough is enough: the Court's patience is officially exhausted. After granting repeated extensions to Cooper and issuing four separate (but ignored) warnings thus far, in light of her apparent unwillingness to adjust course, the Court must grant Defendants' motions to dismiss Cooper's cases. The Court has extended Cooper every courtesy and benefit of the doubt, but there are no other reasonable sanctions available short of dismissal at this point.

**Conclusion**

For these reasons, the Court grants Defendants' motions to dismiss for failure to prosecute, R. 61 (17 C 6913) and R. 35 (18 C 2064), and this case is dismissed with

8

prejudice. The Court denies Cooper's motions for Defendants to take her deposition by telephone as moot, R. 64 (17 C 6913) and R. 38 (18 C 2064).

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: April 19, 2019